UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO PENA, JR.,

        Plaintiff,

v.                                                         Case No.  8:19-cv-2122-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

_____/

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision is affirmed.

I.

The plaintiff, who was fifty-four years old at the time of the administrative hearing and who has no formal education, has worked as a furniture assembler and installer (Tr. 40, 53, 57).[2]  He filed a claim for

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

[2] The plaintiff testified at the hearing that he went to the first grade of school in Puerto Rico.  Social Security forms state that he obtained a GED (Tr. 568–69, 844).  The

disability benefits, alleging that he became disabled due to HIV 1 (human immunodeficiency virus), insomnia, anxiousness, progressive dyspnea, bi-polar disorder and depression (Tr. 225). The claim was denied initially and upon reconsideration.

The plaintiff then received a de novo hearing before an administrative law judge.  He found that the plaintiff has severe impairments of obstructive sleep apnea, depression and anxiety (Tr. 21).  The law judge determined that the plaintiff has the residual functional capacity

> to perform medium work as defined in 20 CFR 404.1567(c) except the claimant can understand, remember, and carry out simple instructions. He can maintain concentration, persistence, and pace for simple tasks over an 8 hour workday and 40 hour workweek.  He can cooperate with the general public, coworkers, and supervisors in a low social demand setting.  He can adapt to most changes and task demands.

(Tr. 24).

In light of those impairments, the law judge found that the plaintiff was unable to perform his past relevant work (Tr. 29).  However, based on the testimony of a vocational expert, the law judge concluded that the plaintiff could perform other jobs that exist in significant numbers in the

---

law judge assumed that the plaintiff was illiterate in determining whether the plaintiff was disabled (Tr. 29).

national economy, such as cook helper, dishwasher and bagger (Tr. 30).
Accordingly, he decided that the plaintiff was not disabled (id.).  The Appeals
Council let the decision of the law judge stand as the final decision of the
defendant.

II.

In order to be entitled to Social Security disability benefits, a
claimant must be unable "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental impairment which ...
has lasted or can be expected to last for a continuous period of not less than
twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment,"
under the terms of the Social Security Act, is one "that results from anatomical,
physiological, or psychological abnormalities which are demonstrable by
medically acceptable clinical and laboratory diagnostic techniques."   42
U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not
disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.
405(g).  Substantial evidence is "such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." Richardson v. Perales, 402
U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S.
197, 229 (1938).  Under the substantial evidence test, "findings of fact made

3

by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied, and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's sole argument is that

> [t]he administrative law judge's residual functional capacity findings were not supported by the substantial evidence, in that they were incomplete and/or not sufficiently descriptive and therefore, the administrative law judge decision was in error in relying on responses from a vocational expert to an incomplete or insufficiently descriptive hypothetical.

(Doc. 23, p. 6) (emphasis omitted).

At the hearing, the vocational expert testified that an individual with plaintiff's age, education, work experience and residual functional capacity could perform the jobs of cook helper, Dictionary of Occupational Titles (DOT) code 317.687-010; dishwasher, DOT code 318.687-010; and bagger, DOT code 920.687-014 (Tr. 58). The plaintiff argues that the residual functional capacity upon which this testimony is based is flawed because the limitation to "low social demand setting" is vague, and the law judge should have included in the residual functional capacity "a limitation with respect to exposure to dangerous moving machinery or equipment, and/or exposure to extreme heat" (Doc. 23, pp. 8, 10). The plaintiff's contentions are without merit.[3]

---

[3]Furthermore, any other contentions are forfeited in accordance with the Scheduling Order and Memorandum Requirements (see Doc. 16, p. 2). Sanchez v. Commissioner of

The law judge determined that the plaintiff has a moderate limitation in social interaction, but that the plaintiff retains the ability to cooperate with the general public, coworkers and supervisors in a low social demand setting (Tr. 23, 24; see Tr. 97). The plaintiff argues that the term "low social demand" is vague and, therefore, the vocational expert may not have understood the hypothetical question (Doc. 23, p. 8). The Commissioner aptly responds (Doc. 24, p. 6):

> The ALJ[] was not required to further define or qualify the limitation of "low social demands" as the VE readily understood the plain meaning of the term and identified jobs which do not conflict with the DOT. Plaintiff was represented by counsel at the administrative hearing and did not challenge the hypothetical question or use of the term "low social demands" (Tr. 59).

The vocational expert has 40 years of vocational rehabilitation experience, and he has been a consultant for the Social Security Administration for 25 of those years (Tr. 56). The plaintiff does not assert any cognizable basis for thinking that the vocational expert did not understand the question, especially since he did not request clarification of that limitation.

---

Social Security, 507 Fed. Appx. 855, 859, n.1 (11th Cir. 2013), citing Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("A legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

Furthermore, the plaintiff's attorney at the hearing did not object to this limitation or question the vocational expert about the social demands of any of those jobs (Tr. 59). If plaintiff's counsel had any doubt whether these jobs were socially demanding, he should have asked the vocational expert. See, e.g., Denomme v. Commissioner, Social Security Administration, 518 Fed. Appx. 875, 879 (11th Cir. 2013) (The plaintiff was unable to show the law judge committed reversible error when her representative failed to ask the vocational expert whether the opined limitation would compromise her ability to perform the representative jobs identified by the law judge.).

Instead, the plaintiff argues, weakly, that there is a possible conflict between the DOT's description of bagger and the vocational expert's testimony. However, the plaintiff does not identify in his memorandum any conflict between the DOT and the vocational expert's testimony (see Doc. 23, pp. 8–9), and none is apparent. See Webster v. Commissioner of Social Security, 773 Fed. Appx. 553, 555–56 (11th Cir. 2019) ("[T]o the extent that [the plaintiff] argues that the ALJ was required to independently verify a VE's testimony, we have held that the ALJ is only required to do so when there is a conflict between the VE's testimony and the DOT.").[4]

───────────────

[4]The plaintiff attaches the job descriptions for grocery store bagger from Publix and Winn-Dixie (Doc. 23-1, 2). That information is disregarded because, among other reasons, it is not part of the administrative record. See Salmeron-Salmeron v. Spivey, 926 F.3d 1283,

To the contrary, the DOT lists bagging groceries, pushing shopping carts to customers' cars, collecting carts and stocking shelves as the essential duties of a bagger. <u>See</u> DOT 920.687-014; 1991 WL 687964. Thus, the job primarily involves handling things. <u>See id</u>. Additionally, it entails the lowest level of social interaction identified in the DOT. <u>See id</u>.; DOT, Appendix B, Explanation of Data, People, and Things ("Taking instructions-Helping"). Therefore, this contention fails.

The plaintiff argues further that "[v]irtually everyone is familiar with the job of a grocery store bagger," and that it is socially demanding because baggers frequently interact with customers (Doc. 23, p. 8). This argument is unavailing; greeting customers and asking if they want their groceries in paper or plastic bags does not make this a socially demanding job.

Moreover, even if a bagger were a socially demanding job (which it is not), the error would be harmless, because the vocational expert identified two other examples of jobs that are available in significant numbers in the national economy that the plaintiff could perform, neither of which the plaintiff contends are socially demanding. <u>Hunter</u> v. <u>Commissioner of Social Security</u>, 609 Fed. Appx. 555, 558 (11th Cir. 2015) (A law judge's "error is harmless if

---

1286 (11th Cir. 2019) ("It is a foundational principal of administrative law that a reviewing court must review only the information that was before the agency at the time of its decision in assessing whether that decision was permissible.").

it did not affect the administrative law judge's ultimate determination."); see Valdez v. Commissioner of Social Security, 808 Fed. Appx. 1005, 1009–10 (11th Cir. 2020) (Any error pertaining to the ALJ's conclusion that he could work as an order clerk is harmless because there are other jobs he is qualified to do even in light of his residual functional capacity, age, education and work experience.).

The plaintiff also unmeritoriously argues that the law judge erred because he did not include in the residual functional capacity "a limitation with respect to exposure to dangerous moving machinery or equipment, and/or exposure to extreme heat" (Doc. 23, p. 10). The plaintiff speculates that jobs in such environments "could be dangerous and contraindicated for a person with sleep apnea, who suffers from fatigue and is taking psychoactive medication" (id.). However, the plaintiff does not identify any medical evidence or opinion that his sleep apnea and/or medications warrant such limitations, much less compel such restrictions. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim."); Adefemi v. Ashcroft, supra, 386 F.3d at 1027 ("[F]indings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may

9

support a contrary conclusion is not enough to justify a reversal of the administrative findings.")

To the contrary, non-examining physician, Dr. P. S. Krishnamurthy reviewed the plaintiff's medical records, including the plaintiff's sleep apnea diagnosis (for which the plaintiff received a CPAP machine (Tr. 470–71, 553)), and opined that the plaintiff had no environmental limitations (see Tr. 94–95). The law judge gave Dr. Krishnamurthy's opinion great weight (Tr. 28). Furthermore, both non-examining reviewing psychologists opined that the plaintiff retained the ability to be aware of normal hazards and take appropriate precautions (see Tr. 78, 97).

In support of his argument, the plaintiff relies upon his subjective reports of napping during the day and sleeping four hours at night (Doc. 23, pp. 9-10). However, the law judge did not find the plaintiff's and his wife's testimony of his functional limitations fully credible (Tr. 25, 28). That determination is unchallenged by the plaintiff, and it is supported by substantial evidence (see Tr. 25–28). Therefore, the law judge was not required to include limitations in the residual functional capacity based on testimony that he did not find credible.[5] See Petteway v. Commissioner of

---

[5]Notably, the law judge found that the plaintiff and his wife were not truthful about basic information, such as whether the plaintiff could read or write in English (Tr. 28).

<u>Social Security</u>, 353 Fed. Appx. 287, 290 (11th Cir. 2009) (The plaintiff failed to show that the hypothetical was deficient because the law judge properly found the plaintiff's testimony as to his subjective experience of pain was not entirely credible.).

Moreover, in all events, none of the jobs identified by the law judge entail moving mechanical parts or constant (if any) exposure to extreme heat. <u>See</u> DOT 920.687-014, 1991 WL 687964; DOT 318.687-010, 1991 WL 672755; DOT 317.687-010, 1991 WL 672752. Therefore, any purported omission of a limitation for dangerous machinery or extreme heat would be harmless error. <u>See</u> <u>Williams</u> v. <u>Barnhart</u>, 140 Fed. Appx. 932, 936 (11th Cir. 2005) (If a law judge errs in omitting a functional limitation from the residual functional capacity, the omission is harmless if it would not have altered the testimony of the vocational expert.); <u>Shinseki</u> v. <u>Sanders</u>, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.")

It is, therefore, upon consideration,

**ORDERED**:

That the decision of the Commissioner is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 14ᵗʰ day of

September, 2020.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE